UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORLANDO MELENDEZ, 03-B-0596,

    Petitioner,

    -v-                                      08-CV-6271(MAT)
                                                    **ORDER**

DANIEL SENKOWSKI, Superintendent,

    Respondent.

---

## I. Introduction

*Pro se* petitioner Orlando Melendez ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Monroe County Supreme Court of Burglary in the Second Degree (N.Y. Penal L. § 140.25(2)) following a jury trial before Justice Thomas Van Strydonck.

## II. Factual Background and Procedural History

Petitioner's conviction stems from an incident that occurred in the early morning hours of October 14, 2001, at 36 Avenue A in the City of Rochester. That night, Samuel Cruz and his wife Carmen Stupia had picked up their infant son from a babysitter and were returning to their home after a night out. When they arrived, they saw that their kitchen window was broken open, there were shards of glass with blood on them, and blood on the windowsill. They also observed that a bedroom door that had previously been shut was open, and the lid from a jewelry box on their bedroom dresser had been removed.

While Ms. Stupia called 911, Mr. Cruz searched the house. While doing so, he noticed drops of blood in the kitchen, hallway,

and in his son's bedroom. He then discovered petitioner hiding in his son's bedroom with a blanket wrapped around his hand. Mr. Cruz knew petitioner as an indigent from the neighborhood, having given him food and money a few weeks earlier. Cruz held petitioner until police arrived. Trial Tr. 297-310, 324-328, 354-355, 368-378, 387, 393-425.

At his trial, petitioner was provided with the services of a court-appointed Spanish language interpreter. The interpreter initially sat at counsel table to assist the defense. Mr. Cruz offered his testimony in Spanish, however, which created the need for his statements to be interpreted to the trial court, counsel, and the jury. The District Attorney provided a second interpreter for this purpose. After a series of questions and answers, defense counsel objected on the ground that the District Attorney's interpreter had not accurately translated particular questions and answers. In response to this, the trial court excused the jury and held a fact-finding hearing. At the conclusion, the translator provided by the District Attorney's office was excused, and the court-appointed interpreter was asked to stand away from the defense table and translate for both the petitioner and the courtroom. Trial Tr. 296, 310-320.

Petitioner moved for a mistrial on the issue of the allegedly defective interpretation, citing examples of inaccurate translation on the part of the discharged translator. Specifically, he articulated a concern that the translator had not properly asked a certain question or given the related answer, and that by doing so

he had indicated to the jury that petitioner made a tacit admission to Mr. Cruz that he "robbed" the house.[1] The trial court denied his motion, as well as a request by the defense that the prosecutor's questions be re-read to Mr. Cruz using the court-appointed interpreter. The trial court instead suggested that counsel could re-ask those questions, if he chose, and in doing so "rehabilitate the record as best you think it needs to be rehabilitated." The trial court then instructed the jury that because there was some difference of opinion regarding the accuracy of the interpretations, he was going to have the court-appointed interpreter translate for the balance of the trial, and that he was allowing defense counsel to cover areas that had been the subject of questions regarding the interpretations. Trial Tr. 310-324.

After brief deliberations, the jury found petitioner guilty of second-degree burglary. He was thereafter adjudicated a persistent violent felony offender and sentenced to the statutory minimum term of incarceration of sixteen years to life. Sentencing Tr. 12, 21.

Petitioner then filed an appeal in the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Melendez, 24 A.D.3d 1223 (4th Dept. 2005). After granting leave to appeal the Appellate Division's decision,

---

[1] The District Attorney's interpreter, translating a conversation that Mr. Cruz had with petitioner after he was found hiding in the closet of Mr. Cruz's home, related Mr. Cruz's testimony as "I kept asking the Defendant why did he rob my house . . . . He says, 'Please forgive me, I wont do it again.'" According to petitioner, Mr. Cruz asked petitioner why he was *inside* his house, not why he robbed the house. The court-appointed interpreter, who ultimately translated for the remainder of the trial, had no "recollection one way or the other as to [Cruz's testimony]." Trial Tr. 310, 319.

-3-

the New York Court of Appeals affirmed the order and decision of the Appellate Division. People v. Melendez, 8 N.Y.3d 886 (2007).

Petitioner then filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising two related claims: (1) that his conviction was obtained by the use of misinterpreted testimony, depriving him of a fair trial and due process; (2) as a result of the faulty translation, he was denied his right to counsel, the right to be present at trial, the right to confrontation, and the right to participate in his own defense. Petition ("Pet.") ¶ 22(A)-(B).

For the reasons that follow, the petition is dismissed.

## III. Discussion

### A. Timeliness

In opposition to the petition, respondent has asserted the defense of untimeliness. It does appear that the instant petition is untimely.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus. For most petitioners, this period runs from the date on which the judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A). Here, petitioner's conviction became final on June 20, 2007, ninety days after the New York Court of Appeals affirmed petitioner's judgment. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). Absent any statutory tolling for collateral state-court applications for post-conviction review, see 28 U.S.C. § 2244(d)(2), Pratt v. Greiner, 306 F.3d 1190, 1191 (2d

Cir. 2002), the one-year statute of limitations therefore would have expired on June 20, 2008. Petitioner filed his petition on June 23, 2008, three days after the limitation period expired. Even if the petition were timely, a writ of habeas corpus would not be warranted, as discussed below.

**B.  Procedural Bar**

In the instant habeas petition, petitioner asserts that he was deprived of a fair trial and due process, and that his constitutional rights to counsel, to be present at trial, to confront witnesses, and to participate in his own defense were violated at his trial. Pet. ¶ 22(A)-(B). All of petitioner's contentions – which relate to his claim that the District Attorney's interpreter mistranslated certain testimony – were raised in a brief to the New York Court of Appeals. Respondent's Appendix ("Appx.") G. In affirming the decision of the lower court, the Court of Appeals held,

> During the testimony of a non-English-speaking witness, the trial court required defendant's court-appointed interpreter to stand at the back of the courtroom and interpret for the entire court, rather than solely for defendant. The constitutional issues defendant raises--including the violation of his right to counsel, his right to be present and his right to participate in his own defense--were not presented to the trial court and are thus not preserved for our review. Defendant's remaining contentions regarding alleged inaccurate translation of complainant's testimony and faulty instructions to the grand jury are without merit.

Melendez, 8 N.Y.3d at 887.

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Under New York law, a criminal defendant must preserve a challenge by making a specific and timely objection. This procedural requirement stems from New York's "contemporaneous objection" or preservation rule, codified at N.Y. Crim. Proc. L. § 470.05(2). The rule requires – for preservation of an issue on appeal – the party to raise the issue before the trial court at the earliest possible juncture. "The purpose of the Rule is 'to fairly apprise the court and the opposing party of the nature and scope of the matter contested.'" Robinson v. Perlman, No. 02 Civ.

8709(LAP)(KNF), 2005 WL 6274288, *7 (S.D.N.Y. April 20, 2005) (quoting People v. Jones, 81 A.D.2d 22, 41-42, 440 N.Y.S.2d 248 (2nd Dept. 1981)).

New York's contemporaneous objection rule has been recognized as an adequate and independent state ground barring federal habeas review. Garvey v. Duncan, 485 F.3d 709, 714-15 (2d Cir. 2007) ("[Section] 470.05(2) is a firmly established and regularly followed New York procedural rule"); Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007) ("Where the case law interpreting New York's preservation rule in criminal proceedings displays consistent application in a context similar to the one before us, that rule is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine.").

Because the New York Court of appeals explicitly invoked New York's preservation requirement as a procedural bar to review petitioner's claims, the instant claims are procedurally barred from habeas review by an adequate and independent state ground. The Court may consider the unpreserved claims only if petitioner can show either: (1) cause for the procedural default and prejudice resulting therefrom; or (2) that he is actually innocent. Wainwright v. Sykes, 433 U.S. 72, 85, 91 (1997). Petitioner has alleged neither exception to overcome the procedural default, and the instant claims are therefore dismissed.

**IV. Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus filed by petitioner is dismissed as untimely. In the alternative, the petition is dismissed because petitioner's claims are procedurally barred pursuant to the adequate and independent state ground doctrine. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. <u>See</u> 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  August 19, 2010
        Rochester, New York